IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODERICK STEVENS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 5:15-CV-01013-RP |
| CHANCE G. ANDREPONT, *a/k/a* | § | |
| CHANCE ANDREPOINT; TIMCO | § | |
| SERVICES, LLC; TIMCO SERVICES INC.; | § | |
| *and* TIMCO SERVICES, AN ASSUMED | § | |
| OR COMMON NAME, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand to State Court (Dkt. 2), filed December 4, 2015, and Defendant Timco Services, Inc.'s Motion for Leave to File an Amended Notice of Removal (Dkt. 8). After reviewing the pleadings, the applicable law, and the factual record, the Court issues the following Order.

**BACKGROUND**

Plaintiff filed a negligence action in Bexar County, Texas on October 13, 2015. Defendant Timco Services, Inc. filed its Original Answer in state court on November 12, 2015, and Defendant Andrepont filed his Answer on November 16, 2015. Along with its Answer, Defendant Timco Services, Inc. filed a Notice of Removal, alleging federal jurisdiction on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1), 1441(b)(1) and 1446.

In its Notice of Removal, Defendant Timco Services, Inc. alleged that Plaintiff resides in Texas; Timco Services Inc. is incorporated in Delaware with its principal place of business in Louisiana; Defendant Chance Andrepont is a citizen of the state of Louisiana; and Defendant Timco Services, LLC is

1

a "non-existent entity." (Notice of Removal, Dkt. 1, ¶ 9). Defendant Timco Services, Inc. further alleged that "[t]he amount in controversy exceeds the sum of [$75,000.00], exclusive of interests and costs," (*id.* ¶ 14), and finally that "Defendant Chance G. Andrepont has appeared and consents to this removal action," (*id.* ¶ 11).

Plaintiff moves to remand. In his motion, Plaintiff challenges Timco Services, Inc.'s removal for failing to secure the consent of all Defendants as required by 28 U.S. Code § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Contrary to the removal notice, Plaintiff asserts that Timco Services, LLC is not a "non-existent entity," and is in fact "an entity that is in existence." (Motion to Remand, Dkt. 2, ¶ 10). Insofar as Timco Services, LLC is a properly named defendant, Plaintiff alleges that removal without its consent is improper. Plaintiff further alleges that removal is defective because Defendant Andrepont, whom Defendant Timco Services, Inc. asserts did consent to removal, "has not filed a written consent to removal." (Motion to Remand, Dkt. 2, ¶ 11).

In response to Plaintiff's Motion to Remand, this Court issued an Order to Show Cause (Dkt. 7) noting that removal appeared procedurally improper and that district courts could not overlook such errors. Defendant responded by acknowledging its errors.  Timco Services, LLC is indeed an existent entity, and the notice of removal "should have been filed on behalf of Timco Services, LLC, the correct name of the surviving entity commonly known as Timco Services." (Timco Services, Inc.'s Resp., Dkt. 8, ¶ 10). In light of the errors, Defendant requested motion for leave to refile the removal notice. (*Id.* ¶ 18). The "Timco Services" defendants – Timco Services, Inc. and Timco Services, LLC – are the same entity and their consent is supported by an attachment to Defendant's new notice of removal; Chance Andrepont's consent is supported by another attachment to the notice.

2

Plaintiff objects to the motion for leave. The parties have briefed the issues, and the motions are ripe for review.

## STANDARD OF REVIEW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal district court possesses original jurisdiction if the parties could have initially filed in federal court pursuant to 28 U.S.C. §§ 1331 – 1334.  Defendant Timco Services, Inc. removed this Action to federal court based on 28 U.S.C. § 1332(a)(1), which predicates federal jurisdiction on diversity of citizenship of the parties and a minimum amount in controversy.

The burden to show removal is proper is on the movant. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, the Court must consider the claims in plaintiffs' original petitions "as they existed at the time of removal." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Id.* "A removing defendant has the burden of proof as to all controverted issues." 1 MCDONALD & CARLSON TEX. CIV. PRAC. § 3:155 (2d. ed.)

## ANALYSIS

Plaintiff does not argue that the federal courts lack jurisdiction. Instead, Plaintiff argues that removal from the state court was procedurally improper, such that remand is necessary.

The procedure governing removal is found in 28 U.S.C. § 1446. Under Section 1446(b), notice of removal must be filed within thirty days of a defendant's receipt of service. "While not stated explicitly in the statute, in cases with multiple served defendants, all defendants must consent to removal prior to the expiration of the thirty day period." *Spoon v. Fannin Cty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011) (citing *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir.2002)). If the removing parties fail to comply with the "rule of unanimity," or any other procedural requirement for removal, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c). "[T]o properly establish consent to removal, a defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court." *Spoon*, 794 F. Supp. 2d at 706 (citing *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254 (5th Cir.1988) ("[T]here must be some timely filed written indication from each served defendant . . . that it has actually consented to such action.")).

Plaintiff alleges that Defendant Timco Services, LLC is a real entity that has not consented to removal, and that Defendant Andrepont has not properly consented to removal because he did not file a written consent at the time of removal.

Given such a procedural defect, remand is appropriate. "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Harden v. Field Mem. Cmty. Hosp.,* 516 F.Supp.2d 600, 606 (S.D.Miss.2007) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)).

A defendant is free to amend a notice of removal within the thirty day period as set forth in 28 U.S.C.A. § 1446(b) – that is, the time during which removal itself is appropriate. *See Moody v.*

4

*Commercial Ins. Co. of Newark, New Jersey*, 753 F. Supp. 198, 201 (N.D. Tex. 1990). Defendant's attempt to amend its notice of removal did not fall within the thirty-day window.

Once the thirty day period has expired, amendments to the notice of removal must be made pursuant to 28 U.S.C. §1653, which allows amendment of defective allegations of jurisdiction. *Id.* Such amendments are only available to cure defective allegations of jurisdiction, and "cannot be used to amend 'a substantial defect in removal proceedings.'" *Id.* (quoting Courtney v. Benedetto, 627 F. Supp. 523, 527 (M.D. La. 1986)). Defendant's "failure to join all defendants in the notice of removal . . . is a non-jurisdictional effect." *Id.* Thus Defendant's attempt to amend its notice of removal is not timely and the amendment provision does not otherwise allow amendment.

## CONCLUSION

Defendant's Motion for Leave to Amend its Notice of Removal is DENIED.

Plaintiff's Motion to Remand is GRANTED, and the action is remanded to the 285th Judicial District Court of Bexar County, Texas.

Each party is to bear its own fees and costs.

**SIGNED** on February 9, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE